IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY WHITE | § | |
| | § | |
| v. | § | CASE NO. 4:21-cv-1512 |
| | § | **JURY** |
| KROGER TEXAS, L.P. | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT KROGER TEXAS L.P. (incorrectly named "Kroger Texas, L.P." and hereinafter referred to as "Defendant"), while fully reserving all rights and defenses, file this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division. Removal is proper under 28 U.S.C. §§1332 and 1441(a) because this is an action over which the United States District Court for the Southern District of Texas, Houston Division, has original diversity jurisdiction, as it is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of its Notice of Removal, Defendant respectfully would show as follows:

### I.   GROUNDS FOR REMOVAL

1. This case is removable to this Court based on diversity jurisdiction under 28 U.S.C. §§1332 and 1441(a).

2. Plaintiff, Kimberly White (hereinafter referred to as "Plaintiff"), is an individual residing in Harris County, Texas.

3. Defendant is a limited partnership organized and existing under the laws of the State of Ohio.

4. As described more fully below, the amount in controversy exceeds the $75,000.00 jurisdictional limits, excluding interest and costs.

## II.     PENDING STATE SUIT

5.     On December 12, 2019, Plaintiff filed a civil action against Defendant in Cause No. 2019-87934 styled *Kimberly White v. Kroger Texas, L.P.* in the 333rd Judicial District Court of Harris County, Texas.[1]

6.     According to Plaintiff's Original Petition, she was injured at a store located at 12434 State Highway 249, Houston, Texas 77086 which was allegedly owned, occupied and/or controlled by Defendant.[2]

7.     Plaintiff claims that she "was shipping in the bread aisle when she slipped on a crushed tomato and fell."[3] As a result of the incident, Plaintiff claims to have suffered "serious and permanent injuries."[4]

8.     The name and address of the Court from which the case is being removed is:

> 333rd Judicial District Court
> Harris County Civil Courthouse
> 201 Caroline St.
> Houston, Texas 77002

## III.     STATE COURT DOCUMENTS

9.     The following documents are attached to this Notice of Removal:

> Exhibit A     Plaintiff's Original Petition
>
> Exhibit B     Return on Service
>
> Exhibit C     Plaintiff's Settlement Demand (redacted)[5]
>
> Exhibit D     Defendant's Original Answer

---

[1] *See Plaintiff's Original Petition* attached hereto as <u>Exhibit A</u>.
[2] *Id.* at ¶ 7.
[3] *Id.*
[4] *Id.*
[5] Plaintiff produced 83 pages of her medical and billing records with her settlement demand dated April 8, 2021. However, for efficiency, only Plaintiff's actual demand is attached hereto as <u>Exhibit C</u>. The entire settlement demand package will be made available to the Court upon request and under seal as these documents contain Plaintiff's personal medical information.

      Exhibit E      An index of matters being filed

           E-1      Copy of the state court Docket Sheet/Record

           E-2      Copy of process

           E-3      A list of all counsel of record, addresses, telephone numbers, and parties

           E-4      Civil Cover Sheet

## IV.    TIMING OF REMOVAL

10.    Defendant was served with Plaintiff's Original Petition through its registered agent for service of process, CSC Corporation Service Company, on December 30, 2019.[6]

11.    On April 8, 2021, Plaintiff produced documents to Defendant alleging $41,364.20 in past medical expenses and $201,000 in future medical expenses.[7] Thus, it is facially apparent that the amount in controversy exceeds the $75,000.00 jurisdictional limits, excluding interest and costs.

12.    This Notice of Removal is being filed within 30 days after receipt of Plaintiff's "other paper from which it may first be ascertained that the case is one which is or has become removable" (i.e. Plaintiff's settlement demand) and is timely filed under 28 U.S.C. §1446(b)(3).[8] A settlement demand has long been recognized by multiple United District Courts in Texas and Louisiana as "other paper" sufficient to support the claim that the amount in controversy exceeds the jurisdictional limit.[9]

---

[6] *See* Return on Service attached hereto as <u>Exhibit B</u>.
[7] *See* Plaintiff's settlement demand (redacted) attached hereto as <u>Exhibit C</u>.
[8] 28 U.S.C. §1446(b)(3).
[9] *See Lozano v. Schoellerman*, 2009 WL 211080, at *6 (S.D. Texas Jan. 28, 2009) (*citing Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) ("[T]he settlement letter is valuable evidence to indicate the amount in controversy at the time of removal." (*citing Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)); *Ham v. Bd. Of Pensions of the Presbyterian Church*, 2005 WL 6271207, at *3 (N.D. Tex. Mar. 8, 2005) ([S]ettlement offers are compelling evidence of the minimum amount in controversy requirement."); and *Rodrigue v. Tetra Techs., Inc.*, 2000 WL 1610625, at *10-11 (E.D. La Oct. 26, 2000) ("the settlement letter described the nature and extent of plaintiff's injuries and medical expenses with particularity….removal jurisdiction

13. Furthermore, according 28 U.S. Code §1446, a case may be removed based on 28 U.S.C. §1446(b)(3) even if it has been more than one year after the action was commenced if the "district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[10] Upon information and believe Defendant contends that Plaintiff deliberately failed to disclosed the actual amount in controversy until her settlement demand dated April 8, 2021 despite this lawsuit pending for since December 12, 2019.

## V. JURISDICTION

14. Pursuant to 28 U.S.C. §1332, a Defendant has a right to remove a case to federal court if the case involves a dispute between completely diverse parties and the amount in controversy, excluding interest and costs, exceeds $75,000.00.

15. Plaintiff has produced documents evidencing damages well beyond $75,000.00.[11] Based on the documents Plaintiff produced, this matter is removable to this Court under 28 U.S.C. §1332 because the amount in controversy, excluding interests and costs, exceeds $75,000.00.

16. Plaintiff also alleges in her Original Petition that she is a resident of Texas.[12]

17. Defendant partnership organized and existing under the laws of the State of Ohio. The following are the partners of Defendant, all of whom are incorporated in and citizens of the State of Ohio:

    a. KRGP, Inc. is the General Partner of Kroger Texas L.P. KRGP, Inc. is incorporated in the State of Ohio and its principal places of business is in the State of Ohio.

    b. KRLP, Inc. is the Limited Partner of Kroger Texas L.P. KRLP, Inc. is

---

was thus established" as the court found that "the letter of settlement and supporting affidavit [were] sufficient to support the allegation that the jurisdictional amount exceeded $75,000.00 at the time of removal").

[10] 28 U.S.C. §1446(c)(3)(b).
[11] See Exhibit C.
[12] See Exhibit A at ¶ 5.

incorporated in the State of Ohio and its principal places of business is in the State of Ohio.

18. Accordingly, there exists complete diversity of citizenship between Plaintiff and Defendant under 28 U.S.C. §1332.

## VI.   VENUE

19. Pursuant to 28 U.S.C. §1441(a), venue for this action is proper in the United States District Court for the Southern District of Texas, Houston Division, as it is the federal judicial district that encompasses the 80th Judicial District Court of Harris County, Texas, where the state action was originally filed.

## VII.   NOTICE TO ADVERSE PARTIES AND TO STATE COURT

20. As the removing party, Defendant will give Plaintiff prompt written notice of this Notice of Removal as required by 28 U.S.C. §1446(d).

21. Defendant will also file a copy of this Notice of Removal with the 333rd Judicial District Court of Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. §1446(d).

## VIII.   ANSWER

22. Defendant timely filed an answer in the state court action.  By removing this action to this Court, Defendant does not waive any defenses, objections or motions available to it under state or federal law, and will timely file responsive pleadings to Plaintiff's Original Petition in this Court as well.

## PRAYER

21. **FOR THESE REASONS** and in conformity with 28 U.S.C. §1446, Defendant respectfully removes the civil action styled *Kimberly White v. Kroger Texas L.P.* and bearing Cause No. 2019-87934 on the docket of the 333rd Judicial District Court of Harris County,

Texas.  Defendant prays for such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

                              Respectfully submitted by,

                              */s/ Adraon D. Greene*
                              Adraon D. Greene
                                Attorney-in-Charge
                                State Bar No. 24014533
                                Federal Bar No. 25029
                              Juvie C. Cardenas
                                State Bar No. 24052012
                                Federal Bar No. 939594

**OF COUNSEL:**
GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas   77010
(713) 599-0700 – Phone
(713) 599-0777 – Fax
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

     I hereby certify that on this 6th day of May, 2021, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.  I also certify that I have forwarded this filing by regular U.S. Mail, postage pre-paid, this same day to all non-CM/ECF participants.

    Nathan Yost
    DASPIT LAW FIRM
    440 Louisiana St., Suite 1400
    Houston, TX  77002
    e-service@daspitlaw.com
    **ATTORNEYS FOR PLAINTIFF**

                              */s/ Juvie C. Cardenas*
                              Adraon D. Greene
                              Juvie C. Cardenas