12/12/2019 3:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39212717
By: Joshua Carroll
Filed: 12/12/2019 3:42 PM

**2019-87934 / Court: 333**

CAUSE NO. _____

| | | |
|---|---|---|
| **KIMBERLY WHITE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **KROGER TEXAS, L.P.** | § | |
| | § | |
| *Defendant*. | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

1. Plaintiff, Kimberly White (hereinafter "Plaintiff), complains of Defendant, Kroger Texas, L.P., (hereinafter "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

2. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

3. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

4. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of no more than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

1

**Exhibit A**

### Parties

5. Plaintiff, Kimberly White, is an individual residing in Harris County, Texas.

6. Defendant, Kroger Texas, L.P., (hereinafter, "Defendant") is an Ohio corporation engaged in business in Harris County, Texas. Defendant Kroger may be served with process by and through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service at 211 E. 7th Street, Suite 620, Austin, TX 78701.

### Facts

7. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about November 10, 2019. At that time, Plaintiff was an invitee at Defendant's Antoine Town Center store #366 located at 12434 State Highway 249, Houston, TX 77086. Plaintiff was shopping in the bread aisle when she slipped on a crushed tomato and fell. Plaintiff suffered serious and permanent injuries as a result of slipping on the hangar hook and falling to the floor.

8. At the time of the incident in question, Plaintiff was an invitee of Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

9. Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

# Exhibit A

10. Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

    a) failure to inspect the premises where the dangerous condition existed;

    b) failure to warn Plaintiff of the existence of the dangerous condition;

    c) failure to take reasonable measures to correct the dangerous condition;

    d) failure to maintain the building in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the building;

    e) failure to take reasonable measures to protect Plaintiff and other invitees from foreseeable risk of harm; and

    f) other acts deemed negligent

11. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

12. Defendant was also negligent in that it failed to act as reasonably prudent premise owner would act in the same or similar situation.

### Damages

13. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

14. By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

    a. Past and future medical expenses;

    b. Past and future pain, suffering, and mental anguish;

    c. Past and future physical impairment;

    d. Past and future physical disfigurement; and

    e. Past lost wages and future loss of earning capacity.

# Exhibit A

15. By reason of the above, Plaintiff is entitled to recover damages from the Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Request for Disclosures

16. Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that Defendant disclose, within fifty days of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

### Other Discovery

17. Plaintiff refers you to the attached Request for Admissions, Interrogatories, and Request for Production and notifies you that a response is required within 50 days of service of these requests.

### Rule 193.7 Notice

18. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

19. Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which she may be justly entitled.

[Signature Block on Next Page]

# Exhibit A

Respectfully submitted,

**DASPIT LAW FIRM, PLLC**

*/s/ Albert Williams III*
**Albert Williams III**
Texas State Bar No. 24096122
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**

Exhibit A